BATTIGE *v.* WALKER SHOE CO.

1. CORPORATIONS — RECEIVERS — DISSOLUTION — EVIDENCE — SUFFICIENCY.
   On appeal from the decree dismissing a minority stockholder's bill for the appointment of a receiver for a corporation, for its dissolution, and for an accounting, proof *held,* insufficient to show that plaintiff was ever excluded from participating as an officer or stockholder in the conduct of the business of said corporation.

2. SAME—ESTOPPEL.
   Where the bill alleged that defendant corporation was incorporated, and plaintiff signed the annual report, he is estopped from denying the fact of said incorporation.

3. SAME—FRAUD—EVIDENCE—SUFFICIENCY.
   Plaintiff's claims that defendant corporation was never incorporated, and that the effort to effect such was a mere sham to defraud him, *held,* not supported by the evidence.

4. SAME—USURPATION OF AUTHORITY—EVIDENCE—SUFFICIENCY.
   Plaintiff's claim that the individual defendant's usurpations entitled plaintiff to distribution of the assets of the corporation, *held,* not supported by the evidence.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 12, 1920. (Docket No. 44.) Decided February 3, 1921.

Bill by John C. Battige against the Walker Shoe Company and others for the appointment of a receiver, the dissolution of defendant corporation, and an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Rood & Visscher,* for plaintiff.

*Guy W. Moore* and *Hal P. Wilson,* for defendants.

CLARK, J. The facts in this case as appear from the admitted allegations in the bill of complaint and the testimony of the defendant Walker, he having been the only witness sworn, are substantially as follows: In 1917 the plaintiff and the individual defendants organized the defendant corporation under Act No. 232, Pub. Acts 1903 (2 Comp. Laws 1915, § 9017 *et seq.*). The amount of the capital stock was fixed at $5,100, of which Walker subscribed for 300 shares, plaintiff 200 shares, and Marsteller 10 shares, each of the par value of $10. The amount actually paid in was stated to be $2,000, of which $700 was paid in cash and the stock, fixtures, etc., of a shoe business, theretofore conducted by plaintiff, accepted as payment at a valuation of $1,300. The articles of association were filed in the office of the secretary of State on February 11, 1918, and with the county clerk on September 24, 1919. The money for the purchase of Marsteller's stock was loaned him by Walker and has not been repaid. On May 12, 1919, the annual report of the corporation for the year 1918 was filed with the county clerk of Wayne county. It is signed by plaintiff and defendant Walker and was sworn to by the latter on February 28, 1919. In it the amount of the capital stock paid in in cash is stated to be $4,000 and in property $1,000. The personal property is stated to be worth $8,862.70 and the cash on hand $196.81. The liabilities are given as $3,575.37.

By a stipulation of counsel it appears that the defendant Walker testified that there was a meeting of the stockholders, at which plaintiff was present and at which he was elected president, Marsteller, vice-president, and Walker, secretary and treasurer, and that this is denied by plaintiff. No minutes have been made of any stockholders' or directors' meetings. It is admitted by the stipulation that plaintiff has at all times had access to the books of the corporation, of which a somewhat regular set has been kept.

While the bill of complaint alleges that Walker, assuming to be secretary and treasurer, has taken the exclusive possession and management of the business and excluded plaintiff from any participation therein, and on information and belief it is charged that Walker "has had but one purpose which he has pursued * * * viz., to cheat, wrong and defraud this plaintiff out of his said property and business," it may be here said that there is no proof to sustain either of such charges. The bill prays that the affairs of the corporation be wound up and its assets be disposed of and distributed, and to that end a receiver is asked for.

It appears from the testimony of defendant Walker that he drew out a salary of from $15 to $30 per week and the plaintiff the same amounts; that the business has been conducted at a profit, the net assets at the time of the hearing being about $6,000; that no dividends have been declared or paid; that Walker had paid in $3,000 in cash on his stock and $100 for the Marsteller stock; that plaintiff gave the whole or a part of his time to the business until June, 1918, since which time he has been employed elsewhere.

The trial court dismissed the bill and plaintiff has appealed. His counsel claim:

1. That the exclusion of plaintiff as a minority stockholder is ground for a dissolution of the corporation. A sufficient answer to this claim is that there is no proof that plaintiff was ever in any way excluded from participating as an officer or stockholder in the conduct of the business of the corporation.

2. It is urged that the defendant corporation was never incorporated and that the effort to effect such was a "mere sham to defraud Battige." The bill alleges the incorporation. The plaintiff signed the annual report of the corporation for the year 1918. He cannot now insist on this claim. Besides, we find no evidence to support it.

3. It is finally insisted that "Walker's usurpations entitle plaintiff to distribution of assets." There is no evidence whatever to show that Walker usurped any authority or that there ever was any disagreement between himself and plaintiff in regard to the amount of the business. The many cases cited by plaintiff's counsel in his brief, in our opinion, have no application to the case as made by the pleadings and proofs.

The decree dismissing the bill of complaint is affirmed, with costs to the defendants.

STEERE, C. J., and MOORE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.